## GLEASON *v.* SAWYER.

A receipt for a small sum, in full of all demands, is *primâ facie* evidence of a settlement, and of the payment in full of all money due to the signer.

Such receipt may be disproved by any evidence, which convinces a jury that the facts are otherwise.

ASSUMPSIT. The plaintiff declared,
1. For his labor and services in digging and removing earth for the defendant,      -    $75.00
2. For work and labor generally,      70.00
3. On an account annexed to his writ for digging and removing 489 47-100 yards of earth at 15 cents per yard,      73.42

It appeared on trial that in the months of April and May, 1849, the plaintiff dug and removed earth for the defendant; that the amount was measured, and an account was given, by the surveyor, who made the measurement, to the defendant, amounting to between seventy and eighty dollars; the evidence did not show the exact quantity; that the defendant, when he was shown the account, admitted it to be correct.

To show payment the defendant offered two receipts of the plaintiff, one dated June 5, 1849, for $25, received on account. This receipt and the payment of the $25 on account were admitted by the plaintiff. The other receipt was dated June 29, 1849, and was in these terms : "Received of John Sawyer Three Dollars, in full of all demands and accounts to this date."

To prove this last receipt the defendant called Samuel L. Wiggin as a witness, who testified that in the afternoon of the 29th of June, 1849, the plaintiff and defendant came together into his shop in Dover, and the defendant said to the witness, "I want you to let Gleason have three dollars ; that the witness then let Gleason have a bushel of corn, and perhaps some other small articles out of his store, and paid him the balance of the three dollars in money — the balance being about two dollars ; that he was requested to write a receipt for the three dollars ; that he asked whether the receipt was to be in full, and one or both of the parties said yes ; that he then wrote the receipt produced, and Gleason signed it ; that there was no settlement between Sawyer and Gleason in his presence ; that he did not recollect any thing more that was said ; that he did not read the receipt to Gleason, and did not know whether Gleason read it or not ; that he did not know of Sawyer's paying any thing before ; that he thought it likely Sawyer and Gleason went down into the cellar, and Gleason drank, but did not recollect it ; that people often went down there and drank, but the witness had not charge of the business in the cellar. No other evidence was produced. The counsel submitted the cause to the jury without argument, under charge of the Court.

The Court instructed the jury that the receipt acknowledging payment of three dollars, in full of all demands, was in law *primâ facie* evidence that the whole of the plaintiff's demand was paid ; that the burden of proof lay on the plaintiff to impeach the receipt, and show that, notwithstanding the receipt, the plaintiff's demand had not been fully paid ; but that the receipt was not conclusive, and they were to determine on the whole evidence before them, whether the whole of the plaintiff's debt had been paid ; that they might consider the manner and circum-

Gleason *v.* Sawyer.

stances in which the receipt was given, the conversation which took place at the time, to assist them in determining whether the plaintiff understood at the time that he was giving a receipt, acknowledging payment in full, or signed it from mistake or misapprehension. That as weighing on the probability of the case they might consider the fact that the defendant had taken a receipt for the $25, and whether he would not have taken receipts for intermediate payments if he had made them, as also the amount for the payment of which the defendant offered no evidence but the receipt of three dollars in full; that the length of time between the completion of the work and the payment of the three dollars, might be considered if they thought it had weight, as also whether it was probable that former payments would leave the exact sum of $3 due. That they were to take the receipt standing by itself as in law, evidence that the whole demand was paid; and consider whether, taking all the evidence together, the legal presumption of payment, arising from the receipt, was overcome, and find as matter of fact from all the facts and circumstances appearing before them, whether the plaintiff's debt had been fully paid; if not, how much remained unpaid, and return their verdict accordingly.

The counsel for the defendant moved the Court to instruct the jury, that the receipt for three dollars in full of all demands, was plenary evidence that the whole debt had been paid; and though not conclusive, the presumption was in his favor, and it must prevail, unless overthrown by direct proof or strong circumstances.

The Court declined to instruct the jury in these terms, but on the foregoing motion instructed them, that the receipt was to be taken as evidence that the whole demand had been paid; that the burden of proof was on the plaintiff to overcome the presumption of payment arising from the receipt; but that they should weigh all the evidence in the case, and determine whether, as matter of fact, the whole of the plaintiff's demand had been paid.

The jury returned a verdict of forty-five dollars forty-two cents for the plaintiff, which the defendant moved to set aside

---
*Gleason v. Sawyer.*

---

for misdirection in the foregoing instructions to the jury, and because there was no sufficient evidence to overcome, destroy, or avoid the plaintiff's receipt in full.

*Soule*, for the plaintiff.

*Christie* and *Kingman*, for the defendant, contended, that the instructions to the jury were incorrect; first, in that they were told to consider " the manner and circumstances in which the receipt was given, and the conversation which took place at the time, to assist them in determining whether the plaintiff signed the receipt from mistake or misapprehension."

The plaintiff offered no evidence whatever in relation to the receipt, made no attempt to show a mistake, fraud or surprise in the transaction, nor was there any fact or circumstance in or about the case, raising even a presumption of misapprehension. If such had really existed, it is to be made out by as clear and forcible proof as would make a defence to a note of hand; — or such as would induce a court of equity to set aside a contract. Mere suspicions, or inferences, or arguments are not to invalidate a receipt; nor should the jury be sent on a voyage of discovery to hunt up circumstances by which they may avoid it. The authorities go to the extent of permitting a receipt to be *explained* by oral testimony, or *impeached* for fraud, mistake or surprise; and we contend, that this is the utmost limit to which the rule extends.

" If the receipt had been in terms more explicit than it is, it would be open to explanation. I mean that kind of explanation not directly contradictory to, but consistent with it." Per *Spencer, J.*, in *M'Kinstry* v. *Pearsall*, 3 Johns. 318. " The true view of the subject seems to be that such circumstances as would lead a court of equity to set aside a contract, such as fraud, mistake, or surprise, may be shown at law to destroy the effect of a receipt." Per *Williams, J.*, in *Fuller* v. *Crittenden*, 9 Conn. 406, cited in 1 Greenl. Ev. § 305, note. " A receipt must be considered as evidence of payment, unless impeached for fraud." *Phelan* v. *Crosby*, 2 Gill, 462, found in 6 U. S. Digest, 394, § 21.

Gleason v. Sawyer.

"A receipt in full may be opened, if it be unfairly obtained." *Lawrence* v. *Schuylkill Nav. Co.* 4 Wash. C. C. Rep. 562; *Ensign* v. *Webster*, 1 Johns. Ca. 145. "Receipts may always be explained by oral testimony." *Brooks* v. *White*, 2 Met. 288. "When a party has acknowledged in writing, that money has been paid, and a mistake is afterwards alleged, parol evidence may be received to correct it, *but such proof must be very clear*. *Cogens* v. *Pooser*, 1 Spears, 325, found in 4 U. S. Dig. 734, § 1772.

"There can be no doubt, that a receipt in full, when the person who gave it was under no misapprehension and can complain of no fraud or imposition, is binding upon him; and therefore he is not at liberty to show that the receipt was given to defraud creditors, and that in fact no money had passed between the parties." Per *Lord Ellenborough*, in *Alner* v. *George*, 1 Camp. 393.

"A receipt in full of all demands, when given with complete knowledge of all the circumstances, is a conclusive bar to the action; and the party giving it should not be allowed to rip up the transaction, which has been so concluded." Per *Lord Kenyon* in *Bristow* v. *Eastman*, 1 Esp. Rep. 173.

Lord Ellenborough asserts the same in *Henderson* v. *Wild*, 2 Camp. 562. See, also, 3 Stark. Ev. 1276, (ed. of 1826.) "A receipt may be rebutted by proof of mistake or fraud." Story on Contracts, 410, § 674.

2d. The Court erred in directing the jury to consider the fact, that the defendant showed no receipt, but the receipt in full for the intermediate payments subsequent to the receipt for twenty-five dollars, as a circumstance from which they might infer that the payments had not been made.

It is the usual practice, among all classes of persons, to give and receive receipts "for one dollar," (or some nominal sum,) "in full of all demands," on the settlement of long accounts; and the presumption arising from this practice would certainly create an impression in favor of the validity of this receipt; and require extra proof that the intermediate payments had not been made. The presumption of law would be the same. "If a

Gleason *v.* Sawyer.

man give a receipt for the last rent, the former is presumed to be paid." 3 Stark. Ev. 1272, (ed. of 1826); *Brewer* v. *Knapp*, 1 Pick. 337. "A receipt for $1,00, in full of a certain note, is *primâ facie* evidence of full payment of the note." *Paige* v. *Perno*, 10 Verm. 491.

3d. The Court erred in instructing the jury to consider as an improbable circumstance, and one that might properly impeach the receipt, the fact that former payments should leave just three dollars due.

The evidence did not show that any fraction of a dollar was due on the plaintiff's account, and three dollars was as likely a balance as any other sum. But we contend, that the receipt was conclusive, even though given for a less sum than was actually due, unless given through mistake. "A receipt in full, intended so to be, and when the creditor had the means of ascertaining the amount of his claim, will be held to operate as such, though the claim be larger in amount than the receipt." *Holbrook* v. *Blodgett*, 5 Verm. 520. "If by agreement and without mistake a receipt in full be given, it is conclusive, though less than the amount due." *Emric* v. *Gilbert*, Wright, (Ohio,) 764. Each of these suggestions must have operated on the minds of the jury to the disadvantage of the defendant. They effectually broke down the barriers, which the law, (even as laid down by the Court in this trial,) had raised for the protection of the defendant. The Court, it is true, told the jury " that the burden of proof lay on the plaintiff to impeach the receipt;" but what force could this declaration have, when in the next breath they are told, " that the length of time, (twenty nine days,) between the completion of the work and the date of the receipt," might be considered as a ground of impeachment?

4th. The Court should have charged as requested by the defendant on the trial; and we rely on 9 Conn. 406; 2 Gill, 462; 1 Spears, 325; 1 Camp. 393; 1 Esp. R. 173; 2 Camp. 562; 4 Wash. C. C. R. 562; 1 Johns. Ca. 145, cited and abstracted above, to sustain the point.

"A receipt in full is not conclusive, though strong *primâ* evidence of entire payment." *Ried* v. *Ried*, 2 Harr. 5; *Dobbin* v. *Perry*, 2 Dev. 247; *State* v. *Robinson*, 1 Rich. 32.

Gleason *v.* Sawyer.

The direction that the jury might weigh the evidence in the case, and determine whether the whole of the plaintiff's demand had been paid, was clearly wrong; because there was no evidence in the case of a proper character to be submitted to the jury, to authorize them to reject the receipt. There was no attempt made to show that the account had not been fairly liquidated and closed by the parties; nor was there a particle of evidence tending to impeach the receipt for fraud, mistake or surprise.

II. As to the second point raised in the case, "that there was no sufficient evidence to overcome, destroy or avoid the plaintiff's receipt in full," we think that an examination of the facts, as reported, must convince every one that the verdict is against evidence.

The plaintiff proved his account, and rested his case; the defendant then put in his receipt in full, and proved that "the parties were together in the afternoon," — "that they requested the witness to write a receipt," — "that when asked if it was to be a receipt in full, both of them, or one of them in the presence of the other, said yes," — and "that the plaintiff then signed it as written." This is all the evidence touching the receipt; and it certainly goes strongly to sustain it. We submit, therefore, that the verdict is palpably against evidence, and should be set aside.

BELL, J. The single question raised by this case relates to the amount and character of the evidence upon which it is competent for a jury to find the fact that money was not paid, against the evidence of a receipt admitting the payment of a small sum in full of all demands and accounts.

It is, of course, everywhere admitted, that a receipt in full of all demands, is *primâ facie* evidence that all such demands have been paid; just as a receipt for a specific sum is *primâ facie* evidence of the payment of that sum.

Evidence, which a jury is bound to regard, and to govern themselves by, if it stands uncontradicted and unimpeached, is *primâ facie* evidence. And this is the rule in relation to re-

ceipts. The jury are bound by their oaths to give credence to a receipt and to find their verdict upon it as upon a fact proved; unless there is found other evidence, or other circumstances, which lead their minds to a different result, and in their judgment outweigh the receipt. We are not aware that there is in this respect any difference between the case of a receipt and the case of any other *primâ facie* evidence. It is to be overbalanced by other evidence laid before the jury; but they are to judge when the one scale or the other preponderates, and there is no rule, which can be laid down for their government as to either the kind or quantity of evidence, which ought to outweigh such written admission.

Cases are cited to us, which seem to hold, that a receipt can only be impeached " if unfairly obtained," or " for fraud," or upon "such circumstances as would lead a court of equity to set aside a contract, such as fraud, mistake, or surprise"; " that proof to correct a receipt must be very clear;" and "that a receipt can only be *explained* by oral testimony, or impeached for *fraud, mistake,* or surprise." We think the language of these cases is to be understood with reference to the circumstances of the particular cases then before the court.

We understand the law to be, that all receipts may be explained and impeached on the ground of fraud, mistake, or surprise; and that they may be contradicted and disproved. The fact admitted by the receipt may be simply shown to be otherwise, and that may be done by any evidence calculated to satisfy the minds of the jury, either by direct proof, or by circumstances tending to the same result.

The law is laid down in Cowen & Hill's Notes to 1 Phil. Ev. 381, (Van Cott's ed.) thus: " Receipts are not only impeachable for fraud, but any mistake may be shown, so may any *erroneous* or *false statement* in them, though designed by the parties. In a word they may always be contradicted, varied or explained by oral testimony." The cases collected and cited by them, fully sustain their statement. If evidence is introduced casting a suspicion upon the correctness of a receipt, it may be supported by proof of the circumstances under which it was given,

Gleason *v.* Sawyer.

and we agree, that where a receipt in full is given upon a distinct agreement to compromise all claims upon certain terms, and such a receipt is given in pursuance of the adjustment so made, it can be impeached only on the ground of fraud or imposition. So where it is shown, that " a receipt in full of all demands is given with complete knowledge of all the circumstances," it is held conclusive ; but it is apparent it is so held, not because there is any legal objection to contradicting the receipt, but because such evidence either disproves the evidence against the receipt, or shows such a state of agreement, that the incorrectness of the receipt is not material.

The evidence submitted to the jury in the present case proved clearly, that the only payment made upon the occasion of the receipt being signed, was of the sum of three dollars mentioned in it. That there was no settlement then made between the parties, and nothing was said on that subject. The evidence left it entirely uncertain, whether the receipt was read by or to the plaintiff. The receipt was written by the witness who was asked to write a receipt *for three dollars.* He asked if the receipt was to be *in full,* and one or both of the parties said " yes." And he then, putting his own construction upon his own words, *in full,* wrote a receipt for three dollars *in full of all demands and accounts* to the date ; though not one word had been said about any demand or account between the parties except this *three dollars.* This evidence entirely negatived the inference, which might have been drawn from the receipt alone, that there had been a settlement between the parties, and that this three dollars was paid as the balance.

The considerations, which were suggested to the jury, seem to us to be precisely those which would naturally arise upon the evidence, and such as the jury would be naturally influenced by, and we see nothing in the charge which does not seem to us to be entirely correct and proper.

The charge, which the judge was requested to give, was not such as we have been accustomed to hear. To have remarked to the jury, that the receipt produced was *plenary* evidence that the whole debt had been paid, would be going beyond

the law, if *plenary* is understood to mean more than the appropriate legal and technical phrase used by the judge, *primâ facie* evidence. The rest of the desired charge was almost identical in its terms with the charge at first given and repeated by the judge, with the exception of the *strong terms* used by the counsel, which were calculated, if productive of any effect, to mislead the jury, by giving them the impression, that some different rule prevailed in this case from that which governs juries ordinarily in civil cases; the preponderance of the evidence, or the balance of probability.

We think justice will be done to the parties by

*Judgment on the verdict.*